IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

In Re: Fee Petition of Lieff Cabraser Heimann & Bernstein, LLP in the matter of *Kenneth Kerrivan v. R.J Reynolds Tobacco Co., et. al*

Case No. _____

**PETITION FOR APPROVAL OF ATTORNEY
FEE CONTRACT PURSUANT TO RULE 4-1.5(f)(4)(B)(ii)**

COMES NOW the Petitioner, Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), by and through the undersigned counsel, who files this Petition pursuant to Florida Bar Rules 4-1.5(f)(4)(B)(ii), and requests that this Court approve the amended fee contract signed by Plaintiff KENNETH KERRIVAN on January 24, 2015, in connection with LCHB's representation of him in the case brought and tried in the Middle District of Florida, Orlando Division, captioned *Kenneth Kerrivan v. R.J Reynolds Tobacco Co., et. al.*, Case No. 3:09-cv-13704-WGY-HTS (M.D. Fla), and which was appealed to the Eleventh Circuit Court of Appeals in *Kerrivan v. R.J. Reynolds Tobacco Co., et. al*, No. 18-13045 (11th Cir. 2020).

Pursuant to Rule 4-1.5(f)(4)(B)(ii), Regulation of the Florida Bar, Petitioner seeks Court approval of the amended attorney fee contract that Mr. Kerrivan previously agreed to in connection with the prosecution and appeals of the underlying action. The Rule provides that such authorization shall be given if the Court determines the client had a complete understanding of the client's rights and the terms of the proposed contract. Pursuant to *In re Buggs ex rel. Rengifo,* 122 So. 3d 519 (1st DCA 2015), the Court is required to approve the attorney fee contract once it is established that the client wanted the contract to be approved and had a complete understanding

# Exhibit A

of the contract's rights and limitations. Here, the Plaintiff Kenneth Kerrivan, now deceased, signed the contract and had a complete understanding of his rights and the terms to which he agreed.

Petitioner also requests that this Petition be sealed pursuant to the same Rule.

A copy of the amended attorney fee contract entered into, as well as the constitutional waiver, both of which were explained to Mr. Kerrivan and signed by the same will be made available to the Court at the time of the hearing and also attached as exhibits to this Petition. This Petition has also been served on the Personal Representative of Mr. Kerrivan's Estate who also serves as the Trustee of the Estate of Kenneth Kerrivan.

WHEREFORE, Petitioner respectfully requests that this Court approve the amended fee contract signed by Mr. Kerrivan, and that this Petition be sealed pursuant to the same Rule.

Respectfully submitted,

*/s/ Carlos R. Diez-Arguelles*
Carlos R. Diez-Arguelles
FBN: 0500569
Diez-Arguelles & Tejedor, P.A.
505 North Mills Avenue
Orlando, Florida 32803
Ph. (407) 705-2880
mail@theorlandolawyers.com
Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was furnished via regular U.S. mail and via email to all on the service list below, this 28th day of September, 2020.

/s/ Carlos R. Diez-Arguelles
Carlos R. Diez-Arguelles
FBN: 0500569
Diez-Arguelles & Tejedor, P.A.
505 North Mills Avenue
Orlando, Florida 32803
Ph. (407) 705-2880
mail@theorlandolawyers.com
Attorneys for Petitioner

SERVICE LIST
Mike Dean
Dean Law Firm LLC,
Personal Representative of the Estate of Kenneth Kerrivan and
Trustee of the Estate of Kenneth Kerrivan
230 NE 25th Ave. #300,
Ocala, FL 34470
mike@deanfirm.com

# EXHIBIT A

## Contract of Representation

1. SCOPE OF REPRESENTATION

This contract between Motley Rice LLC & Lieff Cabraser Heimann & Bernstein, LLP on the one hand (each a "Firm" and collectively the "Firms") and Kenneth Kerrivan ("Client"), applies to all claims arising out of the Client's injury from a tobacco-related illness, except for claims against Liggett Group or Vector Group or their predecessors in interest (collectively, "Liggett"). For convenience, the claims to which this contract applies are hereinafter referred to as the "Claim." The Firms are authorized to represent the Client's interests in any manner, to take whatever legal steps they deem appropriate under the circumstances, and may advance on the Client's behalf such reasonable costs and expenses as the Firms believe to be reasonable to investigate and prepare the Claim.

After the investigation of Client's Claim, the Firms shall have the right to withdraw and cancel this contract if they are unable or unwilling to undertake the contemplated representation. Thereafter, if the Firms agree to pursue this Claim after investigation and evaluation, Client employs and retains the Firms to represent Client's interests in any and all actions, claims or trial proceedings related to the Claim referenced above.

This contract does not cover any investigation, evaluation, or pursuit of the Claim, or any other activity related to the Claim or undertaken on behalf of the Client, occurring before the date of Client's signature to this letter, shown below. The Client expressly acknowledges that Motley Rice LLC ("Motley Rice") and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") are not responsible for any actions or omissions occurring before the date of the Client's signature to this contract, unless those actions or omissions are specifically governed by a prior agreement between the Client and the Firms.

The Client understands and agrees that this contract does not cover any claims against Liggett. Motley Rice and LCHB were not involved in the resolution of these claims and have no responsibility for the settlement with Liggett. The Client expressly acknowledges that the scope of representation by Motley Rice and LCHB excludes any claims against Liggett.

The Client understands and agrees that the scope of representation herein does not include the filing of any claim for workers compensation coverage or other state or federal benefits, and that any recovery by Client may affect Client's eligibility for such benefits.

The Firms will not provide Client legal advice regarding tax, probate, guardianship, real estate, criminal or statutory liability, wills or estates, family law, or matters involving Client's business activities.

2. AUTHORITY OF FIRMS

Client empowers the Firms to take all steps in this matter deemed by them to be advisable

for the investigation and handling of Client's Claim, including hiring investigators, expert witnesses and/or other attorneys and filing any legal action necessary. During the term of representation, the Firms and its successors are authorized and empowered to vote on Client's behalf in any bankruptcy proceeding or class action relevant to the scope of this representation. In addition, the Firms are authorized and empowered to deposit checks and make wire transfers made payable to the undersigned in order to disburse the settlement proceeds according to the terms of this representation.

3.   CONTINGENT FEE

For such professional services, Client agrees to pay attorneys' fees and the costs incurred. The attorneys' fees shall be paid as provided in the retainer agreement between the Client, Farah & Farah, P.A., and the Wilner Firm, P.A. or its predecessors ("Wilner") out of the total amount recovered, whether by settlement or suit, which fee is calculated on the total gross recovery before reduction of costs and expenditures. These attorneys' fees, which follow the contingency fee schedule established by the Florida Supreme Court, are also set forth below:

(i)   Before the filing of an answer or the demand for appointment of arbitrators, or if no answer is filed or no demand for appointment of arbitrators is made before the expiration of the time period provided for such action, the attorneys' fee will be as follows:

  (a)   33 1/3% of any recovery up to $1 million; plus

  (b)   30% of any portion of the recovery between $ 1 million and $2 million; plus

  (c)   20% of any portion of the recovery exceeding $2 million.

(ii)   After the filing of an answer or the demand for appointment of arbitrators, or if no answer is filed or no demand for appointment of arbitrators is made during the time period provided for such action, the attorneys' fees will be as follows:

  (a)   40% of any recovery up to $1 million; plus

  (b)   30% of any portion of the recovery between $1 million and $2 million; plus

  (c)   20% of any portion of the recovery exceeding $2 million.

(iii)   If all defendants admit liability at the time of filing their answers and request a trial only on damages, the attorneys' fees will be as follows:

  (a)   33 1/3% of any recovery up to $1 million; plus

  (b)   20% of any portion of the recovery between $1 million and $2 million; plus

  (c)   15% of any portion of the recovery exceeding $2 million.

In addition to the contingency fees noted above, an additional 5% of any gross recovery will be charged as a fee if any appellate proceeding is filed or post-judgment relief or action is required for recovery on the judgment.

In the event that a court-awarded fee is collected which exceeds the percentages as set forth above, the court-awarded fee shall apply in lieu of the above amounts.

This employment is upon a contingent fee basis, and unless a recovery is made there will be no obligation for Client to pay attorneys' fees to the Firms.

4.   COSTS

This employment is upon a contingent basis and, unless a recovery is made, Client is not obligated to pay costs incurred by the Firms. If a recovery is made, then Client will be responsible for all costs and expenses incurred in the handling of Client's case. Costs advanced by the Firms (or on their behalf) in preparing the Claim or representing the Client's interests hereunder shall be deducted from the Client's recovery after the calculation and payment of attorneys' fees set forth in Paragraph 3.

Costs shall include, but not be limited to, cash and noncash expenditures for: (1) filing fees; (2) subpoenas; (3) court reporting services; (4) depositions; (5) witness fees; (6) in-house and outside investigation services; (7) expert witness fees; (8) medical records and reports; (9) Lexis/Nexis/Westlaw and other computer research and on-line service costs; (10) photographs; (11) in-house and outside photocopies; (12) facsimiles; (13) long-distance telephone calls; (14) postage, federal express, UPS, and other overnight service charges; (15) mediation fees; (16) travel costs, business class airfare, air charter, mileage, rental cars, lodging, meals, and related expenses; (17) in-house and outside trial exhibits; (18) in-house and outside multi-media services; (19) outside legal fees and costs for estate, guardianship, bankruptcy and probate matters; and (20) all other costs necessary for performance of legal services.

5.   ASSOCIATION OF COUNSEL

Motley Rice, LCHB, Farah & Farah, P.A. ("Farah"), and Wilner have associated as co-counsel to assist in handling Client's Claim. They will divide the attorneys' fees Client pays in specific percentages that have yet to be determined but which shall be disclosed to the Client and to which Client agrees to consent in writing. This fee division is based on each Firm accepting joint responsibility for Client's Claim. The amount of attorneys' fees which Client pays will not be increased by the work of co-counsel associated to assist with the handling of Client's Claim. Instead, the Firms will be paid out of the attorneys' fees Client pays to Wilner and Farah.

Client specifically authorizes the Firms to associate additional co-counsel if the Firms believe it advisable or necessary for the proper handling of Client's Claim, and expressly authorize the Firms to divide any attorneys' fees that may eventually be earned with such co-counsel. If additional co-counsel is associated, Client will be notified in writing of such co-counsel's identity and fee share and, upon request, Client will provide written consent to the Firm's choice of such co-counsel and

specific fee division with co-counsel. Client understands that the amount of attorneys' fees which Client pays will not be increased by the work of additional co-counsel associated to assist with the handling of Client's Claim, and that such additional co-counsel will be paid by the Firms out of the attorneys' fees Client pays to the Firms.

6. SETTLEMENT DISCUSSIONS/GROUP SETTLEMENT

If Client's Claim is settled individually, Client will have authority to accept or reject any final settlement amount after receiving the advice of Client's attorneys. Client will not make any settlement or engage in any negotiations unless Client's attorneys are present and consent. The Firms may recommend a class action settlement to the court and/or that this suit may be handled as a part of a larger number of cases which may be aggregated for settlement and/or trial preparation. Client authorizes the Firms to enter into aggregate settlement negotiations, and to disclose Client's name, the amount of Client's proposed settlement, the nature of Client's damages, and other factors relevant to evaluation of settlement values to other clients whose cases are included in the aggregate of cases.

Certain expenses will be incurred in a joint effort to handle all cases. Client authorizes the Firms to prorate such joint expenses among all the cases in the settlement group. In the event Client's Claim is resolved in a class action context, the court may be required to grant final approval to any expense recovery requested by the Firms.

If Client's Claim is settled in a class action context, court approval of any such settlement is necessary before any settlement becomes final; however, if Client serves as a class representative, Client shall consider the propriety of any offer to the class and what is in the best interest of the class. The court may grant final approval to a class action settlement if it is fair, reasonable and adequate, even if Client does not approve of the settlement. In the event Client disagrees that a settlement is appropriate, in a class action context the Firms represent both the class and Client, and they may have a duty to pursue settlement of the action even if Client disagrees. In the event Client disagrees with a class action settlement, the court may grant Client a right to exclude himself from the settlement and pursue his Claim independently, in which case this contract shall remain in full force and effect.

7. THREE DAY RIGHT TO CANCEL

This contract may be canceled by written notification to a Firm at any time within three (3) business days of the date this contract was signed, and if canceled the Client shall not be obligated to pay any fees to the attorneys for the work performed during that time. If the attorneys have advanced funds to others in representation of the Client, the attorneys are entitled to be reimbursed for such amounts as the attorneys have reasonably advanced on behalf of the Client.

In addition, Client can terminate the Firms' representation of Client at any time after the three day cancellation period by providing written notice to the Firms at the address of their principal offices. Should Client elect to terminate the Firms' representation more than three business days after signing the contract and prior to the full conclusion of the Firms' services under

4

this contract, the Firms have a claim for expenses of litigation and unpaid attorneys' fees which will become due upon receipt by Client or by any successor attorney of any proceeds for any remaining portion of Client's Claim. Client's obligation for unpaid attorneys' fees will be calculated based on the percentage of work-in-progress completed on the Claim at the time the Firms are released as Client's attorneys.

8.   WITHDRAWAL OF ATTORNEYS

If, after reasonable investigation of the Claim, the Firms determine that it is not feasible or practicable to prosecute the Claim, the Firms shall have the right to withdraw from further representation of the Client upon written notice, either before or after filing suit, and in such event the Client shall not be obligated for any attorneys' fees.

9.   RECOVERY AND DISBURSEMENT OF PROCEEDS

No guarantee or assurances of any kind have been made regarding the likelihood of success of Client's Claim.

Under some circumstances, health insurers, worker's compensation carriers, or others who have paid benefits or provided services on Client's behalf may claim a right to recover a portion of the proceeds of any action brought on Client's behalf, and may place the Firms on notice of their claim. Except as may be required by law, the Firms will not agree to protect any claim of a subrogation carrier or other creditor without Client's consent.

At the time of disbursement of any proceeds recovered on Client's behalf under the terms of this contract, Client will be provided with a disbursement sheet reflecting attorneys' fees and the expenses of litigation which are due to the Firms from the verdict or settlement proceeds.

10.   RETENTION OF CLIENT FILE

After Client's case is concluded, the Firms will maintain their file on this matter for at least six (6) years, but after that time, may dispose of the file in accordance with its document retention policies. Should Client wish to obtain any information or material from the Firms, including personal items furnished to them to assist in the handling of the Claim such as documents or family photographs, such materials will be returned to Client upon request, if the request is made within six (6) years after the conclusion of the representation.

11.   RECEIPT OF DOCUMENTS

The undersigned Client has, before signing this contract, received and read The Statement of Client's Rights and understands each of the rights set forth therein. The undersigned Client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorneys.

12.   OBLIGATION TO KEEP COUNSEL INFORMED

By entering into this contract, the Firms may expend considerable effort and incur substantial expenses associated with pursuing Client's Claim. Client agrees, therefore, to keep the Firms and/or associated counsel informed of the location where Client can be reached and to notify them immediately if Client's phone number, email address, or mailing address changes. Furthermore, in the event Client is contacted by another attorney regarding this Claim or is asked to any meeting held by attorneys, Client will promptly inform the Firms and/or associated counsel of that occurrence.

Client will not discuss this Claim with another attorney or person without previously informing the Firms and/or associated counsel of Client's intentions. Discussing this Claim with other people on a casual basis may result in a waiver of the attorney-client and/or work product privilege(s), and doing so could harm Client's Claim.

13.   HEADINGS

Headings in this contract are included for the purposes of convenience only and must not affect the construction or interpretation of any of the provisions of this contract.

14.   COUNTERPARTS AND ELECTRONIC TRANSMISSION

This contract may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall be deemed to be and constitute one and the same instrument. For purposes of executing and proving this contract, a document signed and transmitted electronically shall be treated as an original document; the signature of any party thereon shall be considered an original signature; and the transmitted signed document shall have the same legally binding effect as an original signature on an original document.

15.   SEVERABILITY

The illegality, invalidity or unenforceability of any provision of this contract shall not affect the legality, validity or enforceability of any other provision hereof, and this contract shall be construed in all respects as if such illegal, invalid or unenforceable provision, if any, were never included in this contract.

6

I UNDERSTAND THAT THIS CONTRACT WILL NOT BECOME EFFECTIVE BETWEEN ME AND MOTLEY RICE UNTIL WE HAVE BOTH SIGNED BELOW. I ALSO UNDERSTAND THAT THIS CONTRACT WILL NOT BECOME EFFECTIVE BETWEEN ME AND LCHB UNTIL WE HAVE BOTH SIGNED BELOW. THIS CONTRACT SUPERSEDES AND REPLACE ANY PRIOR CONTRACT RELATED TO THE CLAIM WITH A FIRM AS OF THE EFFECTIVE DATE OF THIS CONTRACT WITH THAT FIRM. I HAVE READ AND UNDERSTAND THIS CONTRACT AND AGREE AS STATED ABOVE, THIS __7__ DAY OF __10 OCT__, 2013.

*Kenneth Kerrivan*
CLIENT SIGNATURE
KENNETH KERRIVAN
Kenneth Kerrivan
NAME (please print)

1225 CR 440A
STREET ADDRESS

Lake Panasoffkee    FL    33538
CITY    STATE    ZIP

N A
EMAIL ADDRESS

352-793-8565
PHONE NUMBER

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
SOCIAL SECURITY NUMBER

4/2/42
DATE OF BIRTH

Accepted by Motley Rice LLC:

*[signature]*
ATTORNEY'S SIGNATURE
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464 USA
843.216.9000 (p)
843.216.9450 (f)

10/2/2013
DATE

Accepted by Lieff Cabraser Heimann & Bernstein, LLP:

*[signature]*
ATTORNEY'S SIGNATURE
275 Battery Street
29th Floor
San Francisco, CA 94111
415.956.1000 (p)
415.956.1008(f)

10/9/13
DATE

7

## STATEMENT OF CLIENT'S RIGHTS
## FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and

the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

Kenneth Kerrivan  /KENNETH /KERRIVAN/
Client Name (printed)

*[Client Signature]*  10/7/13
Client Signature        Date

*[Attorney Signature]*  10/2/2013
Attorney Signature      Date

*[Attorney Signature]*  10/7/13
Attorney Signature      Date

## EXHIBIT A AND B – AMENDED AGREEMENT AND WAIVER

The undersigned client understands and acknowledges that (initial each provision):

___ I have been advised that signing this waiver releases an important constitutional right; and

___ I have been advised that I may consult with separate counsel before signing this waiver; and that I may request a hearing before a judge to further explain this waiver; and

___ By signing this waiver I agree to an increase in the attorney fee that might otherwise be owed if the constitutional provision listed above is not waived. Without prior court approval, the increased fee that I agree to may be up to the maximum contingency fee percentages set forth in Rule Regulating The Florida Bar 4-1.5(t)(4)(B)(i). Depending on the circumstances of my case, the maximum agreed upon fee may range from 33 1/3% to 40% of any recovery up to $1 million; plus 20% to 30% of any portion of the recovery between $1 million and $2 million; plus 15% to 20% of any recovery exceeding $2 million; and

___ I have three (3) business days following execution of this waiver in which to cancel this waiver; and

___ I wish to engage the legal services of the lawyers or law firms listed below in an action or claim for medical liability the fee for which is contingent in whole or in part upon the successful prosecution or settlement thereof, but I am unable to do so because of the provisions of the constitutional limitation set forth above. In consideration of the lawyers' or law firms' agreements to represent me and my desire to employ the lawyers or law firms listed below, I hereby knowingly, willingly, and voluntarily waive any and all rights and privileges that I may have under the constitutional provision set forth above, as apply to the contingency fee agreement only. Specifically, I waive the percentage restrictions that are the subject of the constitutional provision and confirm the fee percentages set forth in the contingency fee agreement; and I agree to the following addition to the representation agreement to this case:

___ **Should the case proceed to trial and a verdict or award is obtained and any post-trial motions or appeals are pursued by Defendants, Lieff Cabraser shall handle the post trial motions and appeal and receive as a fee for all the work to date: 40% of any and all recoveries of any settlement or award following the jury trial; and.**

___ I have selected the lawyers or law firms listed below as my counsel of choice in this matter and would not be able to engage their services without this waiver; and I expressly state that this waiver is made freely and voluntarily, with full knowledge of its terms, and that all questions have been answered to my satisfaction.

### ACKNOWLEDGMENT BY CLIENT FOR PRESENTATION TO THE COURT

The undersigned client hereby acknowledges, under oath, the following:

1201298.1

I have read and understand this entire waiver of my rights under the constitutional provision set forth above.

I am not under the influence of any substance, drug, or condition (physical, mental, or emotional) that interferes with my understanding of this entire waiver in which I am entering and all the consequences thereof.

I have entered into and signed this waiver freely and voluntarily.

I authorize my lawyers or law firms listed below to present this waiver to the appropriate court, if required for purposes of approval of the contingency fee agreement. Unless the court requires my attendance at a hearing for that purpose, my lawyers or law firms are authorized to provide this waiver to the court for its consideration without my presence.

Dated this 24 day of Jan, 2015

I sign under the penalty of perjury.

By: *Kenneth Bezrava* 
CLIENT

Dated this 24 day of Jan, 2015

By: _____
Witness—ATTORNEY

Dated this ____ day of _____, ____

By: _____
ATTORNEY

1201298.1                    -2-